IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Kristel D. Bilgen,
    Plaintiff,

Civil Action No.: 07-C-1136

vs.

Phillips & Cohen Associates, Ltd.,
    Defendant.

## First Amended Complaint

### I. INTRODUCTION

1.    This is an action brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Wisconsin Consumer Act, Chapter 427, Wis. Stats., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff also brings a claim for defendant s violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ( FCRA ).

### II. JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), § 1681p and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. Supplementary jurisdiction is proper under 28 U.S.C. § 1367.

### III. PARTIES

3. Plaintiff Kristel D. Bilgen is a natural person and citizen of the State of Wisconsin residing at 926 N. Jackson St., Milwaukee WI 53202 in Milwaukee County.

4. Plaintiff is a consumer pursuant to 15 U.S.C. § 1692a(3).

5. Upon information and belief, at all relevant times defendant Phillips & Cohen Associates, Ltd. ( Phillips ), a foreign corporation, was an entity engaged in the business of collecting debts alleged to be owed to third parties, with a principal business address of 695 Rancocas Rd., Westhampton, NJ 08060.

6. Defendant is a debt collector pursuant to 15 U.S.C. § 1692a(6).

7. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due merchants or other third parties and/or of consumer debts alleged to be in default which were originally allegedly owed to a third party.

8. The debt at issue was a credit card debt alleged to be owed to Portfolio Recovery Associates, LLC ( Portfolio ).

9. The alleged debt at issue was incurred for personal, family, or household purposes.

### IV. FACTUAL ALLEGATIONS

10. On or about November 24, 2006, Phillips sent Ms. Bilgen a letter in an attempt to collect a consumer debt in the amount of $2,221.77.

11. On or about December 22, 2006, Ms. Bilgen wrote a letter to Phillips in which she disputed that she owed the alleged debt and further stated that she was not going to pay it.

12. On or about August 3, 2005, plaintiff filed for relief under Chapter 7 of the Bankruptcy Laws in Wisconsin Federal Bankruptcy Court, Case No. 05-32789.

13. On or about December 28, 2006, defendant sent plaintiff a letter attempting to collect the alleged debt.

14. Upon information and belief, in or about April 2007, defendant accessed and reviewed plaintiff's credit report.

15. Upon information and belief, in or about June 2007, defendant again accessed and reviewed plaintiff's credit report.

16. Defendant never received permission from plaintiff to obtain her credit report.

17. Defendant did not have a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, to obtain plaintiff's credit report.

18. Plaintiff has suffered damages as a result of defendant's actions.

19. Defendant acted willfully and in an intentional disregard of the rights of plaintiff.

3

## V. FIRST CLAIM FOR RELIEF
## FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

21. Defendant s collection communications have violated at least the following provisions of the FDCPA: §§ 1692c(c), 1692e, and 1692e(2)(A).

22. Upon information and belief, defendant's collection efforts have resulted in additional violations of the FDCPA.

23. As a result of defendant's violations of the FDCPA, plaintiff is entitled to an award compensating her for damages, attorney's fees, and costs in pursuit of this action.

## VI. SECOND CLAIM FOR RELIEF
## WISCONSIN CONSUMER ACT

24. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

25. The debt allegedly arose from a consumer credit transaction or other consumer transaction where there allegedly was an agreement to defer payment.

26. Defendant s collection communications have violated the Wisconsin Consumer Act Debt Collection Chapter, § 427.104, Wis. Stats. in at least the following respects: violation of §§ 427.104(h), 427.104(j), and 427.104(L).

27. Upon information and belief, defendant engaged in other violations of the Wisconsin Consumer Act with respect to plaintiff.

4

28. Plaintiff is entitled to injunctive relief under § 426.109 to enjoin further debt collection and to require defendant to correct the false information it is illegally furnishing relating to plaintiff's credit reputation.

29. Plaintiff is entitled to the statutory penalty and compensatory and punitive damages under the Wisconsin Consumer Act, as well as her costs and attorney's fees.

## VIII. THIRD CLAIM FOR RELIEF
## NEGLIGENT NONCOMPLIANCE WITH FCRA

30. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs.

31. Defendant negligently failed to comply with the requirements of the FCRA, including without limitation, failing to comply with the requirements in 15 U.S.C. §§ 1681b(f) and 1681(o).

32. Upon information and belief, defendant violated other provisions of the FCRA.

33. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including invasion of privacy, for which plaintiff seeks damages in an amount to be determined by a jury.

34. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

5

## IX. FOURTH CLAIM FOR RELIEF
## WILLFUL NONCOMPLIANCE WITH FCRA

35. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs.

36. Defendant willfully failed to comply with the requirements of FCRA, including without limitation, failing to comply with the requirements in 15 U.S.C. §§ 1681b(f) and 1681(n).

37. As a result of defendant s failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including invasion of privacy, for which plaintiff seeks damages in an amount to be determined by a jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

38. Plaintiff requests attorney s fees pursuant to 15 U.S.C. § 1681n(a).

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendant in her favor for:

A. compensatory damages;

B. damages pursuant to 15 U.S.C. §§ 1692k, 1681n(a), 1681n(o), and § 427.105, Wis. Stats.;

C. punitive damages;

D. a declaration that the debt collection communications violate the FDCPA, the FCRA, and the Wisconsin Consumer Act;

6

E.  injunctive relief precluding further debt collection of the alleged debt;

F.  costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k, 1681n(a), 1681o(a), and § 425.308, Wis. Stats.; and

G.  for such other and further relief as the Court deems just and proper.

## VIII.  JURY DEMAND

Plaintiff hereby demands that this cause be tried by a jury.

Dated this 20th day of March, 2008.

/s/_____
De Vonna Joy
SBN 1018939
Attorney for Plaintiff

Consumer Justice Law Center, LLC
S74 W17065 Janesville Rd., PMB 256
Muskego WI 53150
(UPS or Federal Express Only, Please)

OR

Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
Tele:  262- 662-3982
Fax: 262-662-0504
E-mail: consumerjustice@wi.rr.com

7